**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **SUNSARRI ROBERTS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-cv-00130-O-BP** |
| | § | |
| **JESSICA CULLE, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 29, 2025, *pro se* Plaintiff Sunsarri Roberts filed a petition for writ of habeas corpus against Defendants Jessica Culle, Susan Worthington, and Christina Cook, alleging that she is entitled to possession of her children under an existing court order for possession. ECF No. 1 at 3. Roberts seeks a court order for conservatorship of her three children. *Id.* She requests a writ of habeas corpus "[c]ommanding that the Respondent bring the children before this Court for a hearing; after the hearing, [she] ask[s] the Court to order that the children be returned to [her]." *Id.*

The case was automatically referred to the undersigned under Special Order 3 on January 2, 2026. ECF No. 3. After reviewing Roberts' petition and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** the petition for lack of subject-matter jurisdiction without prejudice.

A petition for habeas corpus "is the proper procedural vehicle if a prisoner 'challenges the execution of [her] sentence rather than the validity of [her] conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). And while "modern cases have extended [a petition for habeas corpus] to other situations involving challenges to state-court decisions," *Lehman v. Lycoming Cnty.*

*Children's Servs. Agency*, 458 U.S. 502, 508 (1982), "the reach of habeas corpus does not extend to a petitioner not challenging [her] holding conviction but instead the termination of [her] parental rights." *Montemayor v. Dallas Cnty. Child Protective Services*, No. 3:18-cv-3216-L-BN, 2018 WL 7118011, at *2 (N.D. Tex. Dec. 10, 2018), *rec. adopted*, No. 3:18-cv-3216-L-BN, 2019 WL 318365 (N.D. Tex. Jan. 23, 2019) (internal citation and quotations omitted).

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Montemayor,* 2018 WL 7118011, at *1 (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)) (internal quotations omitted). "That statute 'authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.'" *Id.* (citing *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014)). This case concerns the custody of Roberts' children whom Roberts claims are being illegally held in Oklahoma. *See* ECF No. 1. The Court therefore lacks jurisdiction to consider Roberts' habeas petition because she "requests direct federal review" of decisions of child custody. *Montemayor,* 2018 WL 7118011, at *2 (citing *Anderson v. Anderson*, No. 4:14-cv-336-O, 2014 WL 3500151, at *1 n.1 (N.D. Tex. July 15, 2014) ("Nor may Petitioner invoke federal habeas corpus jurisdiction to challenge [] state proceedings, his parental rights, child custody or the other relief he seeks in his petition.").

Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject-matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** Petitioner Roberts' application for writ of habeas corpus for lack of subject-matter jurisdiction without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 14, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3